<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IDA GARCIA-RIVERA, | **Civil Action No. 19-10035 (SRC)** |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**<u>CHESLER, District Judge</u>**

      This matter comes before the Court on the appeal by Plaintiff Ida Garcia-Rivera ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

      In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 7, 2012. A hearing was held before ALJ Scott Tirrell (the "ALJ") on August 29, 2017, and the ALJ issued an unfavorable decision on December 21, 2017. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of December 21, 2017, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) at step two, the ALJ erred by failing to consider Plaintiff's migraine headaches; 2) at step four, the ALJ's residual functional capacity conclusion does not conform to the regulatory definition of light work; 3) at step four, the ALJ's RFC determination is not supported by substantial evidence; 4) at step four, the ALJ failed to consider evidence regarding Plaintiff's use of a cane; and 5) at step four, the ALJ failed to properly consider Plaintiff's subjective complaints.

Plaintiff argues that, at step two, the ALJ erred by failing to consider Plaintiff's migraine headaches. Even if Plaintiff is correct, this cannot be more than harmless error. The Supreme Court explained the operation of the harmless error doctrine in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the

2

claimant has the 'burden' of showing that an error was harmful." Id. at 410.   Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.

In the instant case, even if the ALJ erred at step two, it could not have harmed Plaintiff. At step two, the ALJ found eight other severe impairments.   Had the total count been nine, instead of eight, it would not have made any difference to the outcome.   Plaintiff argues that the ALJ should have considered the evidence of migraine headaches at step four, but this is a separate issue.   This Court finds no prejudice to Plaintiff in any error at step two.   Plaintiff has failed to persuade this Court that any error at step two harmed her.

Plaintiff next argues that, at step four, the ALJ's residual functional capacity ("RFC") conclusion does not conform to the regulatory definition of light work.   At step four, the ALJ referred to the capacity for light work, but tailored the RFC finding so that, as Plaintiff contends, the resulting RFC determination does not match the regulatory definition of light work.   Plaintiff does not explain how this is an error, nor does this Court perceive any problem.   The ALJ stated precisely the key characteristics of the RFC, and Plaintiff has not pointed to anything contradictory or undefined.   This is a common practice in ALJ decisions: the claimant frequently has a unique combination of limitations such that the RFC does not exactly match any definition of an exertional level in the Regulations, and so a definition in the Regulations is used as a starting point but modified to include all the credibly established limitations.   As long as the RFC includes all credibly established limitations, there is no error.   Plaintiff does not here allege that any credibly established limitations were omitted.   Plaintiff has not demonstrated any impact from this, much less harm.   The Court finds no error.

Plaintiff next argues that, at step four, the ALJ's RFC determination is not supported by substantial evidence.   Plaintiff has, however, misapplied the substantial evidence standard.   This Court reviews the Commissioner's decisions under the substantial evidence standard.   This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."   42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).   Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."   McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004).   The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.   See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

While Plaintiff claims to argue that the ALJ's RFC determination is not supported by substantial evidence, what she has done is to point to contrary evidence that the ALJ considered but decided to give less weight to.   Plaintiff makes two arguments: 1) there is contrary evidence of neuropathy; and 2) there is contrary evidence of hallucinations.   As the Commissioner contends, the ALJ reviewed this evidence but gave other evidence more weight.   In fact, as to the evidence of neuropathy, the ALJ appears to have accepted the evidence of neuropathy.   (Tr. 22.)   Thus, Plaintiff has done no more here than to disagree about the weighting of that evidence.   As to the evidence of hallucinations, the ALJ reviewed this evidence, but gave contrary evidence greater weight.   (Tr. 24.)

4

These two arguments cannot succeed because they ask this Court to reweigh the evidence, which it may not do. The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") Similarly, in the instant case, Plaintiff asks this Court to review this part of the residual functional capacity determination *de novo* and to reweigh the evidence, which it may not do. This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") Plaintiff has done no more here than point to the evidence that is contrary to the ALJ's conclusions and ask the Court to reweigh the evidence.

Plaintiff next argues that the ALJ erred at step four by not considering the evidence regarding Plaintiff's use of a cane. As the Commissioner points out in opposition, Plaintiff is incorrect, as the decision cites evidence about use of a cane in two places in the RFC determination. (Tr. 22, 24.) Moreover, the Commissioner argues that, even if the ALJ had included use of a cane in the RFC determination, it was included in one hypothetical that was presented to the vocational expert, who testified that there were jobs available with that limitation. (Tr. 63-67.) Plaintiff has failed to persuade this Court that the ALJ erred or that she

5

was harmed by any errors.

Last, Plaintiff argues that, at step four, the ALJ failed to properly consider Plaintiff's subjective complaints.   The ALJ considered Plaintiff's statements about her symptoms and stated:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. While the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are largely consistent with the medical evidence and other evidence in the record, they are inconsistent with a claim that they are disabling. The activities described by the claimant, such as watching her grandchildren, traveling to Puerto Rico, lifting ten pounds, and driving are inconsistent with allegations of disabling symptoms (Test.; Ex. 12F at 11, 13; Ex. 16F at 10). Her reported pain relief with medication to a level of two to five, and the treatment notes that state her medications allow her to function, are also inconsistent with allegations of disabling symptoms (Ex. 15F at 7, 17, 37, 48). The claimant has received treatment for the allegedly disabling impairments, including medication, injections, physical therapy, and surgery. When considering the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms, it would not prevent her from engaging in the above residual functional capacity. Further, the record does not contain any opinions from treating or examining physicians indicating that the claimant is currently disabled. While the claimant has impairments that cause functional limitations, her statements do not call for further restrictions than those included in the above residual functional capacity.

(Tr. 25.)

The Third Circuit has established the following four-part test to determine the credibility of a social security claimant's subjective complaints. That test requires:

> (1) that subjective complaints of pain be seriously considered, even where not fully confirmed by objective medical evidence; (2) that subjective pain may support a claim for disability benefits and may be disabling; (3) that when such complaints are supported by medical evidence, they should be given great weight; and finally (4) that where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence.

Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) (citations and quotations omitted).

Although the ALJ is required to consider the claimant's subjective complaints, the ALJ may reject these complaints when they are inconsistent with the objective medical evidence, claimant's own testimony, or other evidence in the record.  Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

      The ALJ determined that Plaintiff's subjective complaints are largely consistent with the evidence, except to the extent that she concludes that they are disabling.  In that regard, the ALJ found Plaintiff's claims of being disabled to be inconsistent with her reports about her activities. This constitutes substantial evidence under Hartranft.  The ALJ's determination that Plaintiff's statements about the disabling effects of her symptoms are not entirely consistent with the evidence of record is supported by substantial evidence.

      Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that she was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                    s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.

Dated: June 10, 2020